

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESUS OMAR IBARRA FELIX,<br>also known as "El Chuta" | Case No. **1:26-cr-0079**<br>**Judge Jorge L. Alonso**<br>**Magistrate Judge Beth W. Jantz**<br>**Random / Cat. 4**<br><br>Violations: Title 21, United States Code, Section 963; Title 18, United States Code, Sections 924(o), 924(c)(1)(A) and (c)(1)(B), and 2339B |

## COUNT ONE

The SPECIAL JANUARY 2026 GRAND JURY charges:

1. Beginning no later than in or around 2016, and continuing until at least in or around January 2026, at Ahome, Sinaloa, Mexico, and elsewhere,

JESUS OMAR IBARRA FELIX,
also known as "El Chuta,"

defendant herein, did conspire with Ivan Archivaldo Guzman Salazar, Jesus Alfredo Guzman Salazar, Joaquin Guzman Lopez, Ovidio Guzman Lopez, Jose Angel Canobbio, Fausto Isidro Meza Flores, Damaso Lopez Serrano, and with others known and unknown to the Grand Jury:

(a) to knowingly and intentionally import into the United States from any place outside the United States, namely, Mexico, a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance, in

1

violation of Title 21, United States Code, Section 952(a); and

(b) to knowingly and intentionally manufacture and distribute a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a).

2. It was part of the conspiracy that IBARRA FELIX worked with others to obtain and manufacture methamphetamine and fentanyl, and to import these controlled substances into the United States for sale and further distribution.

3. It was further part of the conspiracy that, from in or about 2017 until approximately May 2025, IBARRA FELIX was a member and associate of the Guzman faction of the Sinaloa Cartel, led by Ivan Archivaldo Guzman Salazar, Jesus Alfredo Guzman Salazar, Ovidio Guzman Lopez, and Joaquin Guzman Lopez ("the Chapitos"). Among other things, IBARRA FELIX served as a "plaza boss" for the Ahome, Sinaloa region in Mexico, and in that role was responsible for the Guzman faction's narcotics distribution activities in Ahome.

4. It was further part of the conspiracy that IBARRA FELIX led an armed security group, *Las Fuerzas Especiales de Chuta* ("FECH"), which provided security for, and engaged in armed conflict on behalf of, the Guzman faction of the Sinaloa

Cartel, thereby assisting the Chapitos, IBARRA FELIX, and others in importing controlled substances into the United States and distributing controlled substances intending and knowing that such substances would be unlawfully imported into the United States.

5. It was further part of the conspiracy that IBARRA FELIX exchanged fentanyl for firearms, including machineguns, which firearms IBARRA FELIX then provided to Ivan Archivaldo Guzman Salazar, Ovidio Guzman Lopez, Jose Angel Canobbio, and members of the FECH under IBARRA FELIX's command, along with others known and unknown, which firearms were possessed for the purpose of furthering the Guzman faction's narcotics trafficking activities, including the manufacture and distribution of narcotics intended for importation to the United States.

6. It was further part of the conspiracy that, from approximately May 2025 and continuing until at least January 2026, IBARRA FELIX conspired with Fausto Isidro Meza Flores, and others known and unknown, to deploy armed FECH members to provide security for, and engage in armed conflict on behalf of, various factions of the Sinaloa Cartel, thereby assisting Meza Flores, IBARRA FELIX, and others in importing controlled substances into the United States and distributing controlled substances intending and knowing that such substances would be unlawfully imported into the United States.

All in violation of Title 21, United States Code, Section 963.

## COUNT TWO

The SPECIAL JANUARY 2026 GRAND JURY further charges:

1. Paragraphs 2 through 6 of Count One of this Indictment are incorporated here.

2. Beginning no later than in or around 2016, and continuing until on or about September 2025, at Ahome, Sinaloa, Mexico, and elsewhere,

JESUS OMAR IBARRA FELIX,
also known as "El Chuta,"

defendant herein, did conspire with Ivan Archivaldo Guzman Salazar, Jesus Alfredo Guzman Salazar, Joaquin Guzman Lopez, Ovidio Guzman Lopez, Jose Angel Canobbio, Fausto Isidro Meza Flores, and with others known and unknown to the Grand Jury, to knowingly and intentionally use and carry a firearm, during and in relation to one or more drug trafficking crimes, namely, the crimes charged in Count One of this Indictment, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crimes, one or more of which firearms was brandished and discharged and one or more of which firearms was a machinegun, in violation of Title 18, United States Code, Section 924(c)(1)(A), and 924(c)(1)(B)(ii);

In violation of Title 18, United States Code, Section 924(o).

4

## **COUNT THREE**

The SPECIAL JANUARY 2026 GRAND JURY further charges:

1. Paragraphs 2 through 6 of Count One of this Indictment are incorporated here.

2. Beginning no later than in or around 2016, and continuing until on or about September 2025, at Ahome, Sinaloa, Mexico, and elsewhere,

JESUS OMAR IBARRA FELIX,
also known as "El Chuta,"

defendant herein, did knowingly and intentionally use and carry a firearm, during and in relation to one or more drug trafficking crimes, namely, the crimes charged in Count One of this Indictment, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crimes, one or more of which firearms was brandished and discharged and one or more of which firearms was a machinegun;

In violation of Title 18, United States Code, Section 924(c)(1)(A), and 924(c)(1)(B)(ii).

**COUNT FOUR**

The SPECIAL JANUARY 2026 GRAND JURY further charges:

1. On February 20, 2025, upon publication in the Federal Register, the United States Secretary of State, in consultation with the Attorney General, designated the Cartel de Sinaloa (also known as Sinaloa Cartel, Mexican Federation, Guadalajara Cartel), as a foreign terrorist organization, after finding that the organization engages in terrorist activity.

2. Beginning no later than in or around April 2025, and continuing until in or around September 2025, at Ahome, Sinaloa, Mexico, and elsewhere,

JESUS OMAR IBARRA FELIX,
also known as "El Chuta,"

defendant herein, did knowingly conspire with Fausto Isidro Meza Flores, and others known and unknown, to provide material support and resources to the Cartel de Sinaloa (also known as Sinaloa Cartel, Mexican Federation, Guadalajara Cartel), a foreign terrorist organization, knowing that the organization was a designated foreign terrorist organization, and that the organization had engaged in and was engaging in terrorist activity and terrorism;

In violation of Title 18, United States Code, Sections 2339B(a)(1) and 2.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2026 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 21, United States Code, Section 963, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property used, and intended to be used, in any manner and part, to commit and to facilitate commission of the offense, as provided in Title 21, United States Code, Sections 853(a) and 970.

2. The property to be forfeited includes, but is not limited to, a personal money judgment.

3. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States, Code Section 853(p), and Title 18, United States Code, Section 982(b).

A TRUE BILL:

_____
FOREPERSON


_____
ANDREW S. BOUTROS
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF ILLINOIS


_____
ADAM GORDON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF CALIFORNIA